Ara Sahelian, Esq., [CBN 169257]
SAHELIAN LAW OFFICES
23276 South Pointe Drive, Suite 216
Laguna Hills, CA  92653
949. 859. 9200
e-mail: sahelianlaw@me.com
Attorneys for Fogo De Chao Churrascaria (San Jose) LLC

# UNITED STATES DISTRICT COURT
## CALIFORNIA NORTHERN DISTRICT
### (San Jose Courthouse)

Scott Johnson,

      Plaintiff,

      vs.

Fogo De Chao Churrascaria (San

Jose) LLC

      Defendant.

CASE NO.: 5:21-cv-02859-BLF

The Honorable Beth Labson Freeman

**POINTS AND AUTHORITIES TO MOTION TO DISMISS**

Hearing Date: 9/30/21
Time: 9:00 AM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## POINTS AND AUTHORITIES TO
## MOTION TO DISMISS [FRCP 12(b)1]

### I. INTRODUCTION

This Motion is being made on behalf of Fogo De Chao Churrascaria (San Jose) LLC (hereinafter also "Defendant"). Plaintiff, Scott Johnson, (hereinafter also "Johnson"), filed the instant action against Defendant, in relation to a property located at 377 Santana Row, San Jose (hereinafter also, "Property"), asserting claims for "the Americans with Disabilities Act; the Unruh Civil Rights Act ."

### II. BACKGROUND

Johnson alleges he is confined to a wheelchair, and that he was unable to dine outdoors at Fogo de Chao restaurant (hereinafter "Restaurant"). Johnson considers himself a "Tester," and alleges that he intends to return to the restaurant once the "barriers" are removed.  Johnson's allegation that he was denied full and equal access is implausible. Exhibits B and C depict the outdoor dining area. Johnson could have easily sat at the table circled in red. Johnson's other option was to sit at a table, with its leaves extended, providing him with ample knee and toe clearance (See Exhibit D). The Americans with Disabilities Accessibility Guidelines require no more than

17 inches in knee and toe clearance (see Exhibit E). Here, he has 23 inches

of knee and toe clearance, yet he alleges he was unable to dine because of

insufficient toe and knee clearance.

To demonstrate the implausibility of Johnson's allegation, Defendant

purchased an ordinary wheelchair, (see Exhibit F), and positioned the

wheelchair at an ordinary dining table, even one without its leaves extended.

The wheelchair slid under the table far enough to allow the user to dine

comfortably.

The Restaurant's customers other than Johnson who are confined to

wheelchairs do not seemed to have any difficulty using its ordinary tables

(see Exhibit G). Johnson could have as well.

Johnson does not allege the reason why he was unable to dine at the

Restaurant, other than stating that there was "insufficient knee and toe

clearance." He is silent as to the extent to which the space provided for his

knees and toes was insufficient, and how he arrived at that conclusion. For

instance, did he attempt to use the tables? If so, what did he experience?

The parties have had an opportunity to discuss the issues relative to outdoor

dining. Johnson has refused to dismiss the action. (See Exhibit A for a true

**POINTS AND AUTHORITIES TO MOTION TO DISMISS  - Page 3 -**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

and correct copy of the request).

**III. DISCUSSION**

There are 279 pages to The 2010 ADA Standards for Accessible Design (the Guidelines) published by the Department of Justice, and 170 pages to the Guidance on the 2010 ADA Standards for Accessible Design. A single deviation, however minor, from any provision found in their pages, provides the pretext for one of a handful of plaintiff's firms, filing these cases on an industrial scale, to cash-in.

To be clear, a violation of the Guidelines, alone, does not make a lawsuit. While a plaintiff may obtain an injunction against impending discrimination, this "does not transform the ADA into an open-ended private attorney general statute, because the scope of such an injunction is limited." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 953 (9th Cir. 2011) (en banc). A plaintiff must plead harm that is concrete (not abstract), and particularized. Johnson pleads no such harm. The case must be dismissed. Johnson cannot vindicate the rights of disabled persons generally. The Attorney General is "the proper entity to bring such an action." 42 U.S.C. § 12188(b) ("Enforcement by Attorney General"). Even a

1
2
3

"tester" plaintiff may not sue a business for injunctive relief simply because an ADA violation exists.

4

### a. Failure to State a Claim Pursuant to Rule 12(b)(6)

5
6
7
8
9
10
11
12
13
14
15
16

In the initial complaint, Johnson alleges that on the dates of his visits "the defendants failed to provide wheelchair accessible dining surfaces in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff." ¶10; that what he encountered "is the lack of sufficient knee or toe clearance under the dining surfaces located outside in the patio in front of the Restaurant for wheelchair users." And that he "believes that there are other features of the dining surfaces that likely fail to comply with the ADA Standards ..." ¶12.

17

The Complaint was amended:

18
19
20
21
22
23
24
25
26

Paragraph 11 was amended from "The Restaurant provides dining surfaces to its customers but fails to provide any wheelchair accessible dining surfaces." to "The Restaurant provides dining surfaces to its customers but fails to provide any wheelchair accessible dining surfaces. The Restaurant provides both indoor and outdoor seating as a privilege to its customers."

27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Paragraph 12 was amended from "One problem that plaintiff encountered is the lack of sufficient knee or toe clearance under the dining surfaces located outside in the patio in front of the Restaurant for wheelchair users." to "One problem that plaintiff encountered is the lack of sufficient knee or toe clearance under the dining surfaces located outside in the patio in front of the Restaurant for wheelchair users. Plaintiff desired to eat outside because he enjoys the views and patio dining experience. The tables had a pedestal style support that did not provide enough knee and/or toe clearance. Without this clearance, it is difficult for plaintiff to pull under the table. This means that plaintiff has to sit relatively far from the table making dining difficult. Plaintiff risks spilling his food, which is embarrassing and frustrating."

Paragraph 33 was removed from the FAC, in the Complaint it read "Although the plaintiff encountered frustration and difficulty by facing discriminatory barriers, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this very modest physical personal injury greater than the amount of the statutory damages."

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include

1   "a short and plain statement of the claim showing that the pleader is entitled

2   to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this

3   standard may be dismissed pursuant to Rule 12(b)(6). See Fed. R. Civ. P. 12

4   (b)(6). To overcome a Rule 12(b)(6) motion to dismiss after the Supreme

5
6   Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.

7   Ed. 2d 868 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544,

8
9   127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a plaintiff's "factual allegations

10  [in the complaint] 'must . . . <u>suggest that the claim has at least a plausible</u>

11
12  <u>chance of success</u>.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014)

13  (emphasis added). The court "accept[s] factual allegations in the complaint

14
15  as true and construe[s] the pleadings in the light most favorable to the

16  nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d

17
18  1025, 1031 (9th Cir. 2008). But "allegations in a complaint . . . may not

19  simply recite the elements of a cause of action [and] must contain sufficient

20
21  allegations of underlying facts to give fair notice and to enable the opposing

22  party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (quoting *Eclectic*

23  *Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir.

24
25  2014)). "A claim has facial plausibility when the Plaintiff pleads factual

26
27
28

**POINTS AND AUTHORITIES TO MOTION TO DISMISS - Page 7 -**

1
2
3
4
5
6
7

content that allows the court to draw the reasonable inference that the

Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The

plausibility standard is not akin to a 'probability requirement,' but it asks for

more than a sheer possibility that a defendant has acted unlawfully." *Id*.

(quoting *Twombly*, 550 U.S. at 556).

8
9
10
11
12
13
14
15
16

The Complaint alleges that Johnson was unable to dine at the patio.

Johnson's allegation is implausible in view of the many options at his

disposal. (see Exhibits B, C, and F).The allegation simply recites the

elements of an ADA cause of action without more. For instance, what is the

knee clearance that Johnson requires? What is the toe clearance? How far

away from the edge of the table does he prefer sitting?

17
18
19
20
21
22
23

It is not sufficient for a pleading to "simply recite the elements of a cause

of action." *Starr v. Baca*, 652 F.3d 1202, 1216.  Complaints must "plausibly

suggest an entitlement to relief, such that it is not unfair to require the

opposing party to be subjected to the expense of discovery and continued

litigation." *Id*. *Whitaker v. Tesla* Motors, Inc., 985 F.3d 1173, 1177.

24
25
26
27
28

*Tesla* is one of three similar decisions by the Ninth Circuit holding that

formulaic pleadings commonly seen in ADA cases do not satisfy Rule 8's

2125

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

requirement. *Whitaker v. Pan. Joes Inv'rs* LLC, 2021 U.S. App. LEXIS 1985 (9th Cir. 2020), and *Whitaker v. Body, Art & Soul Tattoos L.A., LLC*, 2021 U.S. App. LEXIS 1991 (9th Cir. 2020), are the other two. (Defendant Body, Art & Soul Tattoos was represented by the undersigned on appeal). All three cases provide that the stringent pleading standard established by *Iqbal/Twombly* apply to disability access plaintiffs' allegations.

**b. The Complaint Is Also Jurisdictionally Defective and Subject to Dismissal under Federal Rule of Civil Procedure 12(b)(1)**

"[A] disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman,* 631 F.3d 939, 946. To establish standing, a plaintiff must allege that he or she: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1547 (2016). "Where, as here, a case is at the pleading stage, the plaintiff must clearly . . . allege facts demonstrating each element." *Id*. In the context of Americans with Disabilities Act ("ADA") actions, where a private litigant is only entitled to

**POINTS AND AUTHORITIES TO MOTION TO DISMISS  - Page 9 -**

1   injunctive relief, the plaintiff "must additionally demonstrate a sufficient

2

3   likelihood that he will again be wronged in a similar way. That is, the

4   plaintiff must establish a real and immediate threat of repeated injury."

5   *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004).

6

7       At this writing we are left in the dark as to how Johnson was denied full

8   and equal access. Bare allegations are insufficient to establish "a

9

10  particularized injury that affect[s] the plaintiff in a personal and individual

11  way." *Safer Chemicals, Healthy Families v. U.S. Envtl. Prot. Agency*, 943

12

13  F.3d 397, 411 (9th Cir. 2019) (internal quotation marks omitted).

14      [w]hile [the court is] mindful of the generous pleading
15      standards that apply to civil rights plaintiffs, a liberal
        interpretation of a . . . civil rights complaint may not supply
16      essential elements of the claim that were not initially pled. . . .
17      Although [plaintiff] alleges that he is physically disabled, and
        that he . . . [personally] encountered architectural barriers that
18      denied him full and equal access, he never alleges what those
19      barriers were and how his disability was affected by them so as
        to deny him the full and equal access that would satisfy the
20      injury-in-fact requirement (i.e., that he personally suffered
21      discrimination under the ADA on account of his disability).

22

23      *Chapman*, 631 F.3d at 954. Johnson concludes that he was denied full

24  and equal access, but fails to allege any facts which, if true, would

25

26  demonstrate this legal conclusion. Johnson's "formulaic recitation" of the

27

28

2125

**POINTS AND AUTHORITIES TO MOTION TO DISMISS - Page 10 -**

elements of an ADA claim "fails to sufficiently allege the essential elements of Article III standing." *Chapman*, 631 F.3d at 954.

A factual jurisdictional challenge is in order. The Americans with Disabilities Accessibility Guidelines ("Guidelines") require 17 inches below table clearance to allow for a wheelchair to slide under the table. 11 inches for knee clearance (horizontally) plus 6 inches for toe. (see Exhibit E). Here, distance between the center support column and the edge of a table measures 23 inches. Fully six inches more that required by the Guidelines (see Exhibit D). With the round leaf retracted, that distance is reduced to 16 inches, a trifle shy of the 17 inches required by the Guidelines.  In resolving a factual dispute as to the existence of subject matter jurisdiction, the Court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Even the table feet, which measure 2 inches high, would not have been an impediment to Johnson had he chosen to sit at an ordinary table. His footrests, as can be seen from Exhibit H, appear to be at least 2 inches off the ground.  Johnson's wheelchair would have had no difficulty sliding above the feet.

The upshot is this: Johnson could have easily dined at any table at the

restaurant. (see Exhibits B, C, and F). Other wheelchair bound customers

do. (see Exhibit G).

Johnson is silent as to how he has been harmed by the alleged

unavailability of accessible dining tables. For instance, what exactly would

have occurred had he actually attempted to use a table without the leaves

extended, or one with the leaves extended. Would he have found the

configuration shown in Exhibits B, C and F to be unacceptable to him. They

do, after all, provide ample clearance for his wheelchair.

The *Chapman* court recognized that "once a disabled plaintiff has

encountered a barrier violating the ADA, that plaintiff will have a personal

stake in the outcome of the controversy so long as his or her suit is limited

to barriers related to that person's *particular disability*." *Chapman*, 631 F.3d

at 947.  A plaintiff "cannot satisfy the demands of Article III by alleging a

bare procedural violation." *Spokeo*, 136 S.Ct. at 1550.

**c. Johnson Has Not Alleged Facts Demonstrating the Likelihood of**

**Future Injury**

Johnson must show at each stage of the proceedings either that he

is deterred from returning to the facility or that he intends to return to

the facility and is therefore likely to suffer repeated injury. He lacks

standing if he is indifferent to returning to the Property or if his

alleged intent to return is not genuine, or if the alleged barriers do not

pose a real and immediate threat. *Chapman,* 631 F.3d 939, 953.

Even if Johnson sufficiently alleged that he personally encountered

an architectural barrier, he fails to establish a likelihood of future

injury. "In evaluating whether an ADA plaintiff has established a

likelihood of future injury, courts have looked to: (1) the proximity of

the place of public accommodation to plaintiff's residence, (2)

plaintiff's past patronage of defendant's business, (3) the

definitiveness of plaintiff's plans to return, and (4) plaintiff's

frequency of travel near defendant." *Molski v. Kahn Winery*, 405 F.

Supp.2d 1160, 1163 (C.D. Cal. 2005); *Chapman*, 631 F.3d at 949-50.

The Complaint is silent as to Mr. Johnson's residence, the number of

times he has previously dined at the restaurant, and the reasons why

he wishes to return to the restaurant. Simply alleging that he has an

intent to return "some day" is insufficient for standing purposes.

Johnson has filed several thousand lawsuits, alleging plans to revisit

**POINTS AND AUTHORITIES TO MOTION TO DISMISS  - Page 13 -**

each property. The allegation is implausible.

## IV. CONCLUSION

Johnson will have to allege well pleaded facts, and not legal conclusions, to state a claim for relief. But he cannot. His allegation that he was denied full and equal access is not supported by the facts.

Johnson has had two opportunities, now, to draft a proper complaint. He has not. The first amended complaint should be dismissed with prejudice. For all the foregoing reasons Johnson's complaint must be dismissed.

Respectfully submitted:

Date: 6/23/2021

SAHELIAN LAW OFFICES

Ara Sahelian, Esq.

2125