1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CENTER FOR DISABILITY ACCESS
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
8033 Linda Vista Rd, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
russ @ potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson** | **Case**: 5:21-cv-02859-BLF |
|     Plaintiff, | **Plaintiff's Opposition to the Defense Motion to Dismiss** |
|   v. | **Date**    Sept. 30, 2021<br>**Time**   9:00 a.m.<br>**Ctrm**  F |
| **Fogo De Chao Churrascaria (San Jose) LLC**, a Delaware Limited Liability Company | Honorable Beth Labson Freeman |
| Defendants. | |

1
2

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................ i

TABLE OF AUTHORITIES .................................................. ii

I.    Plaintiff Defendant impermissibly uses extrinsic evidence to attack the pleadings under 12(b)(6). .................................................. 1

II.   Plaintiff has sufficiently pled the barrier to his disability. ...................... 1

III.  It is impermissible at this stage to adjudicate if the table was not accessible. ........................................................................ 3

IV.   Plaintiff has sufficiently alleged a likelihood of future injury. .............. 7

V.    Plaintiff's own litigation history is irrelevant to the issues before the Court and Plaintiff requests this Court reject the defense attempt to insert the Plaintiff's litigation history into the analysis. .......................................... **Error! Bookmark not defined.**

VI.   There is no basis for the court to decline supplemental jurisdiction over the Unruh claim... **Error! Bookmark not defined.**

VII.  Conclusion ........................................................................10

16
17
18
19
20
21
22
23
24
25
26
27
28

i

1
2

# TABLE OF AUTHORITIES

3
4

**Cases**

*Augustine v. United States*,
    704 F.2d 1074 (9th Cir. 1983) ..........................................................5

*Careau Grp. v. United Farm Workers of Am., AFL-CIO*,
    940 F.2d 1291 (9th Cir. 1991) .......................................................5

*Johnson v. Hernandez*,
    69 F.Supp.3d 1030 (E.D. Cal. 2014) .........................................5, 6

*Johnson v. SSR Group, Inc.*,
    2016 WL 3669994 (N.D. Cal. 2016) ...........................................6

*Leite v. Crane Co.*,
    749 F.3d 1117 (9th Cir. 2014) .......................................................5

*Robert v. Corrothers*,
    812 F.2d 1173 (9th Cir. 1987) ..................................................4, 5

*Rosales v. United States*,
    824 F.2d 799 (9th Cir. 1987)........................................................4

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 2004) .....................................................4

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I. Plaintiff Defendant impermissibly uses extrinsic evidence to attack the pleadings under 12(b)(6).

Plaintiff objects to the Defendant's use extrinsic evidence in support of its argument under 12(b)(6). Defendant expressly asks the Court to make evidentiary findings that it was "implausible" that Plaintiff encountered inaccessible tables at Defendant's facility. This, the Court cannot do under 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Court must also take all allegations in the First Amended Complaint ("FAC") as true and construed in the light most favorable to the Plaintiff. *Id.* Plaintiff has alleged that there was insufficient knee and toe clearance under the tables. This is all that is required to survive a motion to dismiss under 12(b)(6).

## II. Plaintiff has sufficiently pled the barrier to his disability.

Defendant argues that it is left to wonder what sort of barrier Plaintiff encountered at its facility. However, Defendant is feigning ignorance here. Plaintiff alleged: "The Restaurant provides dining surfaces to its customers but fails to provide any wheelchair accessible dining surfaces." FAC, Dkt. 14, para. 11. Further, he pleads "One problem that plaintiff encountered was the lack of sufficient knee or toe clearance under the outside dining surfaces for wheelchair users." FAC, Dkt. 14, para. 12. Plaintiff is at a loss as to how to further put Defendant on notice of the barrier that he encountered. The regulations require a certain amount of knee and toe clearance under any element that a person in a wheelchair must pull their chair under, such as a desk, sink, or here, a restaurant table. 36 C.F.R., Part 1191, Appendix D § 902.2 requires that dining surfaces provide "knee and toe clearance complying with 306". In turn, 36 C.F.R., Part 1191, Appendix D § 306 provides the dimensions for knee and toe clearance under a table.

1    Defendant cites the *Tesla* case in support of its argument that the
2    barrier was not sufficiently pled. However, this case is not like *Tesla*. In
3    *Tesla*, the Ninth Circuit held that the allegation that Tesla "failed to provide
4    accessible service counters" was a mere recitation of an element of the
5    cause of action, and not enough information to put Defendant on notice as
6    to what was wrong with the service counters. Admittedly, if Plaintiff here
7    had simply alleged that Defendant "failed to provide accessible tables",
8    that would not have been sufficient under *Tesla*. However, Plaintiff was
9    quite specific that the problem was the lack of knee and toe clearance
10   under the table. This does not leave the Defendant guessing what was
11   wrong with the table. The problem was *there was not enough knee and toe*
12   *clearance,* required by the regulations. Defendant is free to look up the
13   regulation and take their own measurements if it has any further questions.
14   Plaintiff has put Defendant on notice of the specific problem. It is now up
15   to Defendant to investigate the claim and conduct discovery if they would
16   like.

17   Regarding the how this barrier affected Plaintiff, he alleged: "The
18   failure to provide accessible facilities created difficulty and discomfort for
19   the Plaintiff." FAC, Dkt. 14, para. 17. Taken together with his allegations
20   describing the barrier he encountered, Plaintiff has "plead factual content
21   that allows the court to draw the reasonable inference that the defendant
22   is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 566 U.S. 662, 678
23   (2009). This is all that is required.

24   To be certain, Judge Spero last week held that this identical
25   allegation in another complaint sufficed to put a defendant on notice of the
26   claims against it. After reviewing the *Tesla* case cited by Defendant, Judge
27   Spero concluded that the plaintiff had sufficiently pled his claim.

28

2

1
2
3
4
5
6
7

> Here, Whitaker has provided more: he asserts not only that Surf & Turf "failed to provide wheelchair accessible dining surfaces in conformance with the ADA Standards as it relates to wheelchair users like [Whitaker]," but goes on to allege that a "problem that [he] encountered was the lack of sufficient knee or toe clearance under the outside dining surfaces for wheelchair users," Unlike in Tesla, Surf & Turf is not "left in the dark" as to whether Whitaker believes its tables were too low, too high, or in an inaccessible area.

8
9

*Whitaker v. Surf & Turf, LLC*, 3:21-cv-03100-JCS, Dkt. 18, P. 5, LL 8-13 (August 5, 2021 N.D. Cal.).

10
11

## III.   It is impermissible at this stage to adjudicate if the table was not accessible.

12
13
14
15
16
17
18
19

To begin, Plaintiff objects to Defendant's "evidence" that Plaintiff did not encounter a barrier. Defendant submits photos, almost all without measurements, allegedly showing Defendant's interior seating. There is no foundation of what is being depicted, or if the person taking the photos was aware of what to survey and/or measure. In short, the photos do not establish that Plaintiff, who uses a large power chair (see Defendant's Exh. H), would not find that Defendant's tables that do not comply with the regulations, did not cause him difficulty.

20
21
22
23
24
25
26
27
28

Defendant argues that the violation of the regulations that Plaintiff alleges is somehow not a barrier to him. The problem with Defendant's motion is that the very question this Court needs to address in determining whether it has jurisdiction is the same question that must be answered to determine the merits of the case and whether Plaintiff can prove his claims. In this case, Plaintiff alleges that the Defendants' tables do not comply with federal accessibility laws. If these allegations are true, Plaintiff can prevail and obtain an injunction. If the allegations are wrong, Plaintiff loses. That is

3

the case. The ultimate question in this case is whether Defendant's facility complies with accessibility laws. Defendant, however, asks this Court to answer that very question in determining whether it has jurisdiction. This is improper.

The Ninth Circuit has cautioned that courts should not apply Federal Rule of Civil Procedure 12(b)(1) standards when, as it is here, the issue of jurisdiction is intertwined with the merits of a claim.[1] As one court framed it: "The relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction in a case . . . where issues of jurisdiction and substance are intertwined. A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'"[2] It is inappropriate and premature to require a plaintiff to prove up the merits of his case at the pleading stage, just to prove jurisdiction:

> [I]f the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law . . . . Otherwise, the intertwined jurisdictional facts must be resolved at trial by the trier of fact.

*Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987).

Thus, "A district court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, *if the jurisdictional facts are not intertwined with the merits*."[3]

---

[1] *Sun Valley Gasoline*, 711 F.2d at 139-40; *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

[2] *Robert v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (internal cites omitted).

[3] *Rosales*, 824 F.2d at 803 (emphasis added).

4

1    It is true that a court normally does not need to accept the complaint

2   allegations as true when there is a *factual* attack on jurisdiction under Rule

3   12(b)(1).[4] But the court must treat a factual attack under Rule 12(b)(1)

4   differently "when the issue of subject-matter jurisdiction is intertwined

5   with an element of the merits of the plaintiff's claim."[5] This occurs where

6   the jurisdictional question "is dependent on the resolution of factual issues

7   going to the merits."[6] Consider the case of *Johnson v. Hernandez*,[7] where the

8   district court denied an almost identical defense motion.

9    In short, where the jurisdictional facts are intertwined with the

10  merits, a Rule 56 "summary judgment standard" applies.[8] Defendant can

11  bring its claims in the form of a Rule 56 motion. Simply put, this Court

12  should not dismiss the action at this juncture because the jurisdictional

13  analysis is coextensive with the merits of Plaintiff's ADA claim and a factual

14  dispute exists as to the alleged corrections. And it would be unfair to convert

15  the present motion to a Rule 56 motion, given that this case is at its earliest

16  stages, and Plaintiff desires to have an expert site inspection under Rule 34

17  to assess the accessibility of the business as well as the recent changes

18  made. Another Court stated in an ADA case:

19

20    The facts and posture of this case mirror those in *Hernandez,*

21    *Jacobs*, and *Conrad*. The ADA provides the basis for both

22    subject       matter jurisdiction    and    is    one    of

23    Plaintiff's substantive claims    for    relief.    Addressing

24  ─────────────────────

25  [4] *Leite v. Crane Co.,* 749 F.3d 1117, 1121 (9th Cir. 2014).

    [5] *Leite*, 749 F.3d at 1122 n.3.

26  [6] *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

27  [7] *Johnson v. Hernandez*, 69 F.Supp.3d 1030 (E.D. Cal. 2014).

28  [8] *Roberts*, 812 F.2d at 1177; *Careau Grp. v. United Farm Workers of Am., AFL-
       CIO*, 940 F.2d 1291, 1293 (9th Cir. 1991).

1
2
3
4
5

> Defendants' jurisdictional attack requires the Court to resolve disputed issues of fact that are pertinent to the merits of the ADA claim. At this early stage of the litigation, when no discovery has been conducted, resolving jurisdictional facts that are intertwined with the substantive merits of Plaintiff's ADA claim is improper.

6
7
8
9

*Acosta v. Fast N Esy II, Inc.,* No. 116CV01150LJOSAB, 2017 WL 75796, at *4 (E.D. Cal. Jan. 9, 2017). In yet another ADA case, Magistrate Judge Maria-Elena James also denied a motion on almost identical grounds.[9]

10
11
12

If notice had been given that a Rule 56 motion was being brought, Plaintiff would file a 56(d) declaration. Plaintiff respectfully requests this Court consider adopting the holding of the *Johnson* court:

13
14
15
16
17
18

> "In ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment ...." *Augustine*, 704 F.2d at 1077. Converting the instant Motion to one for summary judgment would be premature because Plaintiff has not yet had the opportunity to engage in discovery and thus has not had the opportunity to develop the evidence he may need to rebut Defendants' "facts." Accordingly, Defendants' Motion to Dismiss for lack of jurisdiction is DENIED without prejudice to raising this argument in a properly noticed and appropriately timed motion for summary judgment.

19

*Johnson v. Hernandez*, 69 F. Supp. 3d at 1035.

20
21
22
23
24
25
26
27

Simply put, Defendants need to permit Plaintiff to conduct a site inspection and some basic discovery and then it can renew this motion as a Motion for Summary Judgment under Rule 56. Defendants' claims regarding seating are disputed by Plaintiff in his FAC. Discovery in this case is currently stayed due to General Order 56. Therefore it would be highly inappropriate to dismiss this case when Plaintiff has not been allowed to conduct a site inspection.

28

---

[9] *Johnson v. SSR Group, Inc.*, 2016 WL 3669994 (N.D. Cal. 2016).

6

Defendant next argues that Plaintiff has not sufficiently alleged how this barrier affected him. Defendant may have overlooked para. 12 of the FAC wherein he alleges: "The tables had a pedestal style support that did not provide enough knee and/or toe clearance. Without this clearance, it is difficult for plaintiff to pull under the table. This means that plaintiff has to sit relatively far from the table making dining difficult. Plaintiff risks spilling his food, which is embarrassing and frustrating." Clearly, Plaintiff spelled out exactly how the barrier at the facility affected him.

## IV.  Plaintiff has sufficiently alleged a likelihood of future injury.

To begin, we must be "mindful of the Supreme Court's instruction to broadly construe standing in civil rights cases..." *Whitaker v. Body, Art & Soul Tattoos Los Angeles, LLC,* 840 F. App'x 959, 960 (9th Cir. 2021). Defendant argues that Plaintiff has not sufficiently pled an intent to return. This is not accurate. Here, Plaintiff alleges

> Plaintiff is often in the area where the Restaurant is located, and is always on the lookout for good food. He will return to the Restaurant to avail himself of its goods and to determine compliance with the disability access laws once it is represented to him that the Restaurant and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

FAC, Dkt. 14, para. 20.

This is all that Plaintiff must plead to establish standing.

7

1
2
3
4
5
6
7
8
9
10

> The Named Plaintiffs have alleged in the First Amended Complaint that they intend to visit the relevant hotels, but have been deterred from doing so by the hotels' noncompliance with the ADA. They further allege that they will visit the hotels when the non-compliance is cured. Thus, the ADA violations have prevented them from staying at the hotels. Without such averments, they would lack standing. However, "construing the factual allegations in the complaint in favor of the plaintiffs," as we must at this preliminary stage, *Mont. Shooting Sports Ass'n v. Holder*, 727 F.3d 975, 979 (9th Cir. 2013), we conclude that the Named Plaintiffs have sufficiently alleged injury in fact.

11
12
13

*C.R. Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017).

14
15

In examining *Lujan* in the context of an ADA case, the Ninth Circuit held:

16
17
18
19
20
21
22
23
24
25
26

> As to *Lujan*'s requirement that an injury be concrete and particularized, we held "that in stating that he is currently deterred from attempting to gain access to the Paradise store, Doran has stated sufficient facts to show concrete, particularized injury." As to *Lujan*'s requirement that a plaintiff's injury be actual or imminent, we held that a disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered "actual injury." Similarly, a plaintiff who is threatened with harm in the future because of existing or imminently threatened non-compliance with the ADA suffers "imminent injury."

27
28

*Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040 (9th Cir. 2008) (internal cites omitted). Plaintiff has pled exactly what was held sufficient in *Doran*.

Similarly, in the very first case to establish deterrence-standing (a case coincidentally handled by Plaintiff's counsel), the Ninth Circuit held, "We hold that a disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered 'actual injury.' Similarly, a plaintiff who is threatened with harm in the future because of existing or imminently threatened non-compliance with the ADA suffers 'imminent injury.'" *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002).

The type of specificity that Defendant demands is simply not required.

> Finally, Plaintiff need not allege an intent to visit a physical location on a particular date or time—allegations that he was deterred from going to that location are sufficient to demonstrate an Article III injury. *Chapman*, 631 F.3d at 950 ("Just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a store suffers the ongoing actual injury of lack of access to the store.") (internal quotations omitted).

*Farr v. Hobby Lobby Stores, Inc.,* No. CV 19-5949-DMG (ASX), 2020 WL 3978078, at *3 (C.D. Cal. Apr. 29, 2020).

Defendant cites the *Molski* case and urges the Court to apply the four so-called "Harris Factors" to assess the propriety of Plaintiff's pleading (proximity, past patronage, definitiveness of plans to return, frequency of travel). See *Harris v. Del Taco, Inc.,* 396 F.Supp.2d 1107 (C.D.

9

1   Cal. 2005). However, the Harris factors are a Central District construct

2   that have never been adopted by the Ninth Circuit. Indeed, the Harris

3   factors are not consistent with Ninth Circuit precedent, including *C.R.*

4   *Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, cited above.

5

6          First, it is important note that the factors used in <u>Harris</u> "are not

7          definitive." <u>Kashl Corp.</u>, 362 F. Supp. 3d at 874 (citation

8          omitted). Moreover, at least one court in this district has refused

           to apply these factors when reviewing a facial challenge. <u>See,</u>

9          <u>e.g.</u>, <u>Triple AAA</u>, 2007 WL 9776739, at *5 ("[A]ll that is

10         necessary is an alleged intention to patronize the facilities if

11         they were ADA compliant. The sincerity of such allegations

12         may be tested at a later stage of the proceedings, but not at the

13         pleading stage through a facial attack."). Also, "[s]ince this test

           was first articulated ..., the Ninth Circuit has not adopted it

14         despite having confronted the same or similar issue

15         repeatedly." <u>Strojnik v. Bakersfield Convention Hotel I, LLC</u>,

16         436 F. Supp. 3d 1332, 1343 (E.D. Cal. 2020).

17  *Brooke v. Suites LP,* No. 3:20-CV-01217-H-AHG, 2020 WL 6149963, at

18  *4 (S.D. Cal. Oct. 19, 2020).

19  **V.   Conclusion**

20         For the foregoing reasons, Plaintiff respectfully requests that the

21  Court deny the motion. If the Court does grant the motion, Plaintiff requests

22  leave to amend.

23

24  Dated: August 9, 2021          CENTER FOR DISABILITY ACCESS

25

26                                 By:   /s/ Zachary Best

27                                 Zachary Best
                                   Attorney for Plaintiff
28
                                         10