Ara Sahelian, Esq., [CBN 169257]
SAHELIAN LAW OFFICES
23276 South Pointe Drive, Suite 216
Laguna Hills, CA  92653
949. 859. 9200
e-mail: sahelianlaw@me.com
Attorneys for Fogo De Chao Churrascaria (San Jose) LLC

**UNITED STATES DISTRICT COURT**
**CALIFORNIA NORTHERN DISTRICT**
**(San Jose Courthouse)**

Scott Johnson,
        Plaintiff,
        vs.
Fogo De Chao Churrascaria (San Jose) LLC
        Defendant.

CASE NO.: 5:21-cv-02859-BLF
The Honorable Beth Labson Freeman

**REPLY BRIEF TO MOTION TO DISMISS**

Hearing Date: 9/30/21
Time: 9:00 AM

---

**REPLY BRIEF TO MOTION TO DISMISS [FRCP 12(b)1] Page 1 -**

# REPLY BRIEF TO MOTION TO DISMISS [FRCP 12(b)1]

## THE PARTIES CONFERRED PRIOR TO THE FILING OF THIS MOTION

Plaintiff's attorney, Ray Ballister, and Defendant's attorney met and conferred via telephone on May 13, 2021. The issues before the Court, here, are recurring with respect to the firms representing the Plaintiff and Defendant. In fact, Potter Handy and the undersigned have been on opposite sides on this issue in *Whitaker v Body, Art, and Soul Tattoos L.A., LLC*, 2021 U.S. App. LEXIS 1991 (9th. Cir. 2021).

## I. POTTER HANDY WAS ADMONISHED BY THE NINTH CIRCUIT TO AVOID DRAFTING COMPLAINTS OF THE SORT FILED HERE

In 2020, the Potter Handy firm was also admonished by the Ninth Circuit for failing to provide factual allegations, putting a defendant on notice of the claims. (See *Whitaker v. Panama Joe's*, 2:19-cv-09676-DSF-SS, Central District of California). It seems as if Potter Handy is tone-deaf in that it has filed, here, the identical complaint. The operative factual allegations in the within case are no different than those found in *Panama Joe's*.

Comparing the allegations of made in *Panama Joe's* ("Panama")and the initial complaint in the within matter

> Panama: "Plaintiff went to Panama Joe's in October 2019 with the intention to avail himself of its goods, motivated in part to determine if the defendants comply with the disability access laws." Complaint ¶ 8.

<u>Here</u>: "Plaintiff went to the Restaurant in September 2020 and November 2020 with the intention to avail himself of their goods or services motivated in part to determine if the defendants comply with the disability access laws." Complaint ¶ 8.

<u>Panama</u>: "Panama Joe's is a facility open to the public, a place of public accommodation, and a business establishment." *Id*, ¶ 9.

<u>Here</u>: "The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment." *Id*, ¶ 9.

<u>Panama</u>: "Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide accessible dining surfaces." *Id*, ¶ 10.

<u>Here</u>: "Unfortunately, on the dates of the plaintiff's visits, the defendants failed to provide wheelchair accessible dining surfaces in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff." *Id*, ¶ 10.

<u>Panama</u>: "On information and belief, the defendants currently fail to provide accessible dining surfaces." *Id*, ¶ 11.

<u>Here</u>: "On information and belief, the defendants currently fail to provide wheelchair accessible dining surfaces." *Id*, ¶ 14.

<u>Panama</u>: "Plaintiff personally encountered these barriers." Complaint ¶ 12

<u>Here</u>: "These barriers relate to and impact the plaintiff's disability. Plaintiff personally encountered these barriers." *Id*, ¶ 15.

<u>Panama</u>: "By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access." *Id*, ¶ 13.

Here: "As a wheelchair user, the plaintiff benefits from and is entitled to use wheelchair accessible facilities. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access." *Id*, ¶ 16.

Panama: "The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff." *Id*, ¶ 14.

Here: "The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff." *Id*, ¶ 17.

Panama: "The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities." *Id*, ¶ 17.

Here: "The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities." *Id*, ¶18.

Panama: "Plaintiff will return to Panama Joe's to avail himself of its goods and to determine compliance with the disability access laws once it is represented to him that Panama Joe's and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again." *Id*, ¶ 19.

Here: "Plaintiff will return to the Restaurant to avail himself of its goods or services and to determine compliance with the disability

access laws once it is represented to him that the Restaurant and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again." *Id*, ¶ 20.

The above refers to the original Complaint. The First Amended Complaint, as it stands, is also incomprehensible in that it requires discovery for an understanding as for what Mr. Johnson needs to be able to dine at the restaurant.

## II. THE COMPLAINT IS FACTUALLY LACKING, AND REQUIRES DISCOVERY FOR IT TO MAKE SENSE

As a threshold matter, the existing tables are fully accessible. (see moving papers pages 2, 3, 11 and Exhibits B, C, D, F, G)

The Ninth Circuit in *Panama Joe's* clarified that no defendant in an ADA suit should have to conduct discovery in order to comprehend the allegations made in a complaint.

"A complaint must contain sufficient allegations of underlying facts to give fair notice and allow the opposing party to defend itself, and it must "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)." *Whitaker v. Pan. Joes Inv'rs LLC*, 2021 U.S. App. LEXIS 1985, *5. The allegations made in the FAC do not explain Mr. Johnson's needs as to the clearance he requires, below a dining surface, to be able to dine in his wheelchair,

"Plaintiff desired to eat outside because he enjoys the views and patio dining experience. The tables had a pedestal style support that did not provide enough knee and/or toe clearance. Without this clearance, it is difficult for plaintiff to pull under the table. This means that plaintiff has to sit relatively far from the table making dining difficult. Plaintiff risks spilling his food, which is embarrassing and frustrating."

It's worth noting here that there is no view or patio experience as the entire outdoor dining area was enclosed (see Exhibits page 4). The allegation that the tables "had a pedestal style support that did not provide enough knee and/or toe clearance" is utterly meaningless. For instance:

> What are the dimensions of Mr. Johnson's wheelchair?
>
> What is the amount of clearance that he requires below a dining surface (length, width)?
>
> Did he attempt to use any of the tables, and what were his findings?
>
> Did he actually go into the outdoor dining area and ask to be seated at an accessible table?
>
> How does he actually conclude that no accessible tables were available?

Potter Handy files about 3,000 - 4,000 complaints annually. Mr. Johnson, an attorney himself, has filed over 4,000. Here, they've each defied the 9th Circuit's mandate by continuing to file complaints that lack the factual allegations sufficient to put a defendant on notice of the claims.

The First Amended Complaint fails to satisfy the *Iqbal/Twombly* standard.

1 | Potter Handy and Mr. Johnson should not be rewarded for their malfeasance
2 | by a leave to amend FAC complaint.
3 |
4 | Respectfully submitted:
5 | Date: 6/23/2021
6 |
7 |                                                   SAHELIAN LAW OFFICES
8 |
9 |                                                   _____
10 |                                                   Ara Sahelian, Esq.