1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

SCOTT JOHNSON,

                Plaintiff,

     v.

FOGO DE CHAO CHURRASCARIA (SAN
JOSE) LLC,

                Defendant.

Case No.  21-cv-02859-BLF

**ORDER DENYING MOTION TO
DISMISS**

[Re:  ECF No. 17]

Before the Court is Defendant Fogo De Chao Churrascaria (San Jose) LLC's ("Defendant") Motion to Dismiss for failure to state a claim and lack of subject matter jurisdiction. ECF No. 17 ("Motion"). Plaintiff opposes the Motion. ECF No. 20 ("Opp."). The Court finds the Motion suitable for disposition without oral argument and VACATES the hearing set for September 30, 2021. Civ. L.R. 7-1(b). Because the Court holds that Plaintiff has stated cognizable claims and that he has standing both to assert his ADA claim and seek injunctive relief, Defendant's Motion is DENIED.

## I.   BACKGROUND

Plaintiff alleges that he is a level C-5 quadriplegic who cannot walk and has significant manual dexterity impairments. ECF No. 14 ("FAC") ¶ 1. He uses a wheelchair for mobility and has a specially equipped van. *Id.* According to Plaintiff, Defendant Fogo De Chao Churrascaria (San Jose) LLC owns the Fogo De Chao restaurant (the "Restaurant") in Santana Row in San Jose, California, which is open to the public and a place of public accommodation. *Id.* ¶¶ 3, 8. Plaintiff alleges that he visited the Restaurant in September 2020 and November 2020, when he discovered that the Restaurant does not provide any wheelchair accessible dining surfaces. *Id.* ¶ 11. Plaintiff alleges that there is a lack of sufficient knee or toe clearance under the dining surfaces on the

outside patio, which have pedestal style supports that make it difficult for Plaintiff to pull himself under the tables.  *Id.* ¶ 12.  Because Plaintiff had to sit relatively far from the table, he risked spilling his food and suffered embarrassment and frustration.  *Id.*  Plaintiff says he intends to return to the Restaurant once it is represented to him that the Restaurant is accessible.  *Id.* ¶ 20.

Plaintiff filed his original complaint on April 21, 2021.  *See* ECF No. 1.  In response to Defendant's motion to dismiss the original complaint, Plaintiff filed the operative First Amended Complaint.  *See* FAC.  The First Amended Complaint asserts two claims, one for violation for the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and one for violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53.  FAC ¶¶ 22-28, 29-32.  Plaintiff seeks injunctive relief, nominal and statutory damages, and attorney's fees and costs.  FAC at "Prayer for Relief".

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(1):  Lack of Subject-Matter Jurisdiction

Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate:  those involving diversity of citizenship or a federal question, or those to which the United States is a party.  *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376–77 (2012); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) ("Federal courts have no power to consider claims for which they lack subject matter jurisdiction.").  The Court has a continuing obligation to ensure that it has subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The plaintiff bears the burden of establishing subject matter jurisdiction.  *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994).

A jurisdictional challenge may be facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Where the attack is facial, the Court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction.  *Id.*; *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975).  Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe*

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

*Air for Everyone*, 373 F.3d at 1039.  In resolving a factual dispute as to the existence of subject matter jurisdiction, the Court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment.  *Id.*  Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

> **B.      Federal Rule of Civil Procedure 12(b)(6):  Failure to State a Claim**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (internal quotation marks and citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  When evaluating a Rule 12(b)(6) motion, the district court must consider the allegations of the complaint, documents incorporated into the complaint by reference, and matters which are subject to judicial notice. *Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

> **C.      Americans with Disabilities Act**

"The ADA includes three main sections – Title I, which concerns employment discrimination, 42 U.S.C. § 12111 *et seq.*; Title II, which governs access to public services, *id.* § 12131 *et seq.*; and Title III, which governs access to privately operated public accommodations, such as restaurants and movie theaters, *id.* § 12181 *et seq.*" *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1002 (9th Cir. 2013).  Plaintiff's claim is asserted under Title III.

Title III of the ADA states that "[n]o individual shall be discriminated against on the basis

United States District Court
Northern District of California

1    of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

2    advantages, or accommodations of any place of public accommodation by any person who owns,

3    leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  The

4    ADA defines discrimination to include:

> [A] failure to make reasonable modifications in policies, practices, or procedures,
> when such modifications are necessary to afford such goods, services, facilities,
> privileges, advantages, or accommodations to individuals with disabilities, unless
> the entity can demonstrate that making such modifications would fundamentally
> alter the nature of such goods, services, facilities, privileges, advantages, or
> accommodations[.]

10   42 U.S.C. § 12182(b)(2)(A)(ii).  To establish a claim under this provision, Plaintiff must show that

11   (1) he is disabled within the meaning of the ADA; (2) Defendant is a private entity that owns,

12   leases, or operates a place of public accommodation; and (3) Plaintiff was denied full and equal

13   treatment by Defendant because of his disability.  *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730

14   (9th Cir. 2007).

### III.   DISCUSSION

16         The Court first addresses Defendant's argument for lack of subject matter jurisdiction

17   before turning to the argument that Plaintiff has failed to state an ADA claim.

#### A.    Lack of Subject Matter Jurisdiction

19         Defendant challenges Plaintiff's standing to both bring an ADA claim and assert injunctive

20   relief.  The Court addresses each argument in turn.

##### i.    Article III Standing

22         Article III standing "is a necessary component of subject matter jurisdiction."  *In re*

23   *Palmdale Hills Prop., LLC*, 654 F.3d 868, 873 (9th Cir. 2011).  The Supreme Court has repeatedly

24   stated that the "irreducible constitutional minimum of standing" consists of three elements.  *Lujan*

25   *v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  "The plaintiff must have (1) suffered an injury in

26   fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to

27   be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547

28   (2016).  These elements are often referred to as injury in fact, causation, and redressability.  *See*

4

1 | *Planned Parenthood of Greater Washington & N. Idaho v. U.S. Dep't of Health & Human Servs.*,

2 | 946 F.3d 1100, 1108 (9th Cir. 2020). Plaintiff, as the party invoking federal jurisdiction, bears the

3 | burden of establishing the existence of Article III standing and at the pleading stage "must clearly

4 | allege facts demonstrating each element." *Spokeo*, 136 S. Ct. at 1547 (internal quotation marks

5 | and citation omitted); *see also Baker v. United States*, 722 F.2d 517, 518 (9th Cir. 1983) ("The

6 | facts to show standing must be clearly apparent on the face of the complaint.").

7 |      Defendant mounts a factual challenge to jurisdiction, arguing that Plaintiff lacks standing

8 | because his wheelchair "would have no difficulty" sliding under the tables and he "could have

9 | easily dined at any table at the restaurant" because "other wheelchair bound customers do."

10 | Motion at 11-12. In support, Defendant provides multiple photos of tables at the Restaurant,

11 | including some depicting disabled patrons sitting in wheelchairs. *See* ECF No. 17-3.

12 |      While Defendant is correct that the Court can consider extrinsic evidence in evaluating

13 | subject matter jurisdiction, Motion at 11 (citing *Safe Air for Everyone*, 373 F.3d at 1039), the

14 | Court finds it improper to resolve the disputed facts about the accessibility of the Restaurant on a

15 | jurisdictional challenge. "[A] jurisdictional finding of genuinely disputed facts is inappropriate

16 | when the jurisdictional issue and substantive issues are so intertwined that the question of

17 | jurisdiction is dependent on the resolution of factual issues going to the merits of the action." *Safe*

18 | *Air for Everyone*, 373 F.3d at 1039. If that is the case, the court "assumes the truth of the

19 | allegations in a complaint . . . unless controverted by undisputed facts in the record." *Roberts v.*

20 | *Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Here, finding that Plaintiff lacks standing would

21 | require deciding whether the Restaurant's facilities are accessible to Plaintiff. But this is a

22 | "factual issue[] going to the merits" of whether the Restaurant complies with ADA accessibility

23 | requirements. *Safe Air for Everyone*, 373 F.3d at 1039. Accordingly, the Court "assumes the

24 | truth" of the allegations in the First Amended Complaint, *Roberts*, 812 F.2d at 1177, which state

25 | that the Restaurant's patio tables were inaccessible to Plaintiff because they did not have sufficient

26 | knee or toe clearance. FAC ¶ 12. There are no undisputed facts contradicting those allegations—

27 | Defendant has offered only disputed photographs. Accordingly, the Court rejects Defendant's

28 | challenge to Plaintiff's standing to assert his ADA claim.

United States District Court
Northern District of California

ii.     **Standing to Seek Injunctive Relief**

Because injunctive relief is the only relief available to private ADA plaintiffs, a plaintiff

alleging ADA violations must establish standing to pursue injunctive relief.  "Standing for

injunctive relief requires a plaintiff to establish a 'real and immediate threat of repeated injury.'"

*Strojnik v. IA Lodging Napa First LLC*, No. 19-CV-03983-DMR, 2020 WL 2838814, at *5 (N.D.

Cal. June 1, 2020) (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir.

2004)).  Ninth Circuit case law establishes that an ADA plaintiff may establish standing "either by

demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a

noncompliant facility."  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011).

Defendant argues that Plaintiff does not have standing to seek injunctive relief because he

fails to establish a likelihood of future injury, saying that an intent to return "some day" is

insufficient.  Motion at 13-14.  But the Ninth Circuit has rejected this argument, stating that

allegations that disabled plaintiffs intend to visit a place of public accommodation but are deterred

from doing so by non-compliance with the ADA have standing to assert injunctive relief claims.

*See C.R. Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017); *Pickern

v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002).  Plaintiff here alleges that he

is "often in the area where the Restaurant is located" and "will return to the Restaurant . . . once it

is represented to him that the Restaurant and its facilities are accessible," but is "currently deterred

from doing so" because of the alleged inaccessibility.  FAC ¶ 20.  This sufficiently

"demonstrate[s] deterrence" and confers injunctive relief standing.  *Chapman*, 631 F.3d at 944.

Defendant urges the Court to require Plaintiff to plead additional elements to establish

injunctive relief standing, as some other district courts in the Ninth Circuit have in ADA cases.

*See* Opp. at 13 (citing *Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1163 (C.D. Cal. 2005)).

Other courts have required plaintiffs to plead (1) the proximity of the place of public

accommodation to plaintiff's residence; (2) plaintiff's past patronage of defendant's business; (3)

the definitiveness of plaintiff's plans to return, and (4) plaintiff's frequency of travel near

defendant.  *Molski*, 405 F. Supp. at 1173.  The Court declines to require these additional elements

on top of the allegations the Ninth Circuit has already found sufficient to confer injunctive relief

1    standing.  *See Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1343 (E.D.

2    Cal. 2020) (noting that the Ninth Circuit "has not adopted" these factors "despite having

3    confronted the same or similar issue repeatedly").  Plaintiff thus has alleged sufficient facts to

4    support standing to seek injunctive relief.

5          **B.     Failure to State a Claim**

6           Defendant also argues that Plaintiff fails to state a claim for violation of the ADA.  Motion

7    at 5-8.  Defendant asserts that Plaintiff cannot sustain an ADA claim by merely reciting the

8    elements of the cause of action.  *Id.* at 8.  Defendant also says that Plaintiff's argument that he was

9    unable to dine on the Restaurant's patio is "implausible" because the patio contains tables that are

10   accessible to other disabled patrons.  *Id.*  Defendant again points to its photos of tables at the

11   Restaurant, including some with disabled patrons sitting in wheelchairs.  *See* ECF No. 17-3.

12   Plaintiff responds that he has adequately alleged an ADA cause of action and that it would be

13   improper to consider extrinsic evidence on a motion to dismiss.  Opp. at 1-3.

14          To support its argument that Plaintiff has merely recited the elements of the cause of action

15   and that his claim is implausible, Defendant primarily relies on the Ninth Circuit's decision in

16   *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021), which affirmed dismissal of

17   an ADA complaint, but that case is distinguishable.  The plaintiff in that case had only cursory

18   allegations that the defendant had failed "to provide accessible service counters" and thus that the

19   plaintiff was denied "full and equal access."  The Ninth Circuit held that these vague allegations

20   left the district court and Tesla "in the dark about how the service counters denied [plaintiff] from

21   full and equal enjoyment of the premises."  *Id.*  Here, in contrast, Plaintiff alleges that "one

22   problem" he encountered was "the lack of sufficient knee or toe clearance" on the patio tables

23   because of their "pedestal style" supports, which made it difficult for Plaintiff to pull under the

24   table.  FAC ¶ 12.  This level of detail does not leave Defendant "in the dark" about what part of

25   the Restaurant Plaintiff alleges does not comply with the ADA.  *See Whitaker v. Surf & Turf, LLC*,

26   No. 21-cv-3100-JCS, 2021 WL 3427122, at *3 (N.D. Cal. Aug. 5, 2021) (denying motion to

27   dismiss ADA claim and distinguishing *Tesla* and similar unpublished cases).  Plaintiff need not

28   provide more detail, such as the knee clearance that he requires or how far away from the edge he

United States District Court
Northern District of California

prefers sittings, at this stage of the proceedings.  *Contra* Motion at 8.

Defendant also relies on its photographs of the Restaurant dining surfaces, *see* ECF No. 17-3, but the Court cannot consider that evidence at this juncture.  On a motion to dismiss, the Court can only consider the allegations of the complaint, documents incorporated into the complaint by reference, and matters which are subject to judicial notice.  *Wynn*, 829 F.3d at 1063. The photos are neither "allegations of the complaint" nor documents incorporated into the complaint by reference.  Although Defendant does not specifically request judicial notice of the photos, judicial notice would not be appropriate.  Judicial notice is only appropriate for matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Defendant's photographs of the Restaurant's dining surfaces do not meet either of these criteria; indeed, Plaintiff specifically disputes that the photos show either that the tables are accessible or that Plaintiff could use them without issue.  Opp. at 3.  Accordingly, Defendant's photographs are improper extrinsic evidence, and the Court will not consider them.

For those reasons, the Court rejects Defendant's arguments that Plaintiff has failed to state a claim for violation of the ADA.

### C.    Unruh Act Claim

Defendant does not specifically address Plaintiff's Unruh Act claim.  A violation of the ADA constitutes a per se violation of the Unruh Act.  *Johnson v. Rando*, No. 21-cv-673-BLF, 2021 WL 2986965, at *6 (N.D. Cal. July 15, 2021).  Because the Court has determined that Plaintiff's ADA claim may proceed, that is also the case for the Unruh Act claim.

## IV.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is DENIED.  Defendant shall file an answer to the First Amended Complaint within 14 days of this Order.

Dated:  September 1, 2021

BETH LABSON FREEMAN
United States District Judge