Ara Sahelian, Esq., [CBN 169257]
SAHELIAN LAW OFFICES
23276 South Pointe Drive, Suite 216
Laguna Hills, CA 92653
949. 859. 9200
e-mail: sahelianlaw@me.com
Attorneys for Fogo De Chao Churrascaria (San Jose) LLC

**UNITED STATES DISTRICT COURT
CALIFORNIA NORTHERN DISTRICT
(San Jose Courthouse)**

Scott Johnson,
   Plaintiff,
  vs.
Fogo De Chao Churrascaria (San Jose) LLC
   Defendant.

.

CASE NO.: 5:21-cv-02859-BLF
The Honorable Beth Labson Freeman

**DEFENDANT'S REPLY BRIEF TO MOTION FOR SUMMARY JUDGMENT**

Hearing Date: 3/10/22
Hearing Time: 9:00 AM

# DEFENDANT'S REPLY BRIEF TO MOTION FOR SUMMARY JUDGMENT

**Defendant respectfully requests that its Motion for Summary Judgment be granted, or in the alternative a dismissal with prejudice**

In its second Motion to Dismiss Defendant pointed out that Plaintiff's argument that he was unable to dine on the Restaurant's patio was implausible because the patio contained tables that were accessible. Defendant pointed to its photos of tables at the Restaurant, including some with disabled patrons sitting in wheelchairs. Plaintiff responded that he had adequately alleged an ADA cause of action and that it would be improper to consider extrinsic evidence on a motion to dismiss. Plaintiff alleged that "one problem" he encountered was "the lack of sufficient knee or toe clearance" on the patio tables because of their "pedestal style" supports, which made it difficult for Plaintiff to pull under the table. ¶ 12. Now that the time has come for Plaintiff to provide the evidence to support this allegation, none seems forthcoming. Plaintiff has failed to Oppose Defendant's Motion for Summary Judgment.

A failure to oppose a proper motion for summary judgment can result in the dismissal with prejudice. A motion for summary judgment under Rule 56

of the Federal Rules of Civil Procedure will, if granted, ends Plaintiff's case. *Rand v. Rowland*, 154 F.3d 952, 963-64 (9th Cir. 1998). A principal purpose of the summary judgment procedure is to identify and dispose of factually supported claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In order to withstand a motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue of material fact in dispute. Fed. R. Civ. P. 56(e). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). In the absence of such facts, "the moving party is entitled to a judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323. Since Plaintiff has not submitted his own evidence in opposition, summary judgment should be entered against him.

Plaintiff's failure to oppose the motion for summary judgment also constitutes a waiver or abandonment of the issues raised in Defendant's motion. *Qureshi v. Countrywide Home Loans, Inc.,* No. 09-4198, 2010 U.S. Dist. LEXIS 21843, 2010 WL 841669, at *6 n. 2 (N.D. Cal. Mar. 10, 2010)

(deeming plaintiff's failure to address, in opposition brief, claims challenged in a motion to dismiss, an "abandonment of those claims") (citing Jenkins v. Cnty. of Riverside, 398 F.3d 1093, 1095 n. 4 (9th Cir. 2005)); Sportscare of America, P.C. v. Multiplan, Inc., No. 2:10-4414, 2011 U.S. Dist. LEXIS 14253, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.").

As an alternative to the Court granting Summary Judgment in favor of Defendant, Defendant requests that this case be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision … operates as an adjudication upon the merits." The factors to be weighed in determining whether to dismiss for lack of prosecution are identical to the factors to be considered when deciding whether to dismiss for failure to obey court orders. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Those factors are:

(1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam).

The public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support the sanction of dismissal. As to the public policy favoring disposition on the merits, Plaintiff's failure to put forward the evidence is inexcusable. Plaintiff is a seasoned serial filer, having filed literally thousands (nearly 5,000 lawsuits). He (and his attorneys, Potter Handy) have mastered the art of monetizing the ADA. But the litigation wheels seem to grind to a halt when Plaintiff is challenged to support his claim with evidence. And it's not as if Plaintiff was caught unawares. The identical arguments were made in motions to dismiss, months ago, which the Court did not convert into a motion for summary judgment. Clearly, Plaintiff has had plenty of time to gather his evidence. And that justifies a recommendation of dismissal. No lesser sanction would serve any purpose.

Defendant respectfully requests that its motion for summary judgment be granted or, in the alternative, that this action dismissed with prejudice.

Respectfully submitted:

Date: 11/23/2021

SAHELIAN LAW OFFICES



_____
Ara Sahelian, Esq.