UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>   Plaintiff,<br><br>  v.<br><br>FOGO DE CHAO CHURRASCARIA (SAN JOSE) LLC,<br><br>   Defendant. | Case No.  21-cv-02859-BLF<br><br>**ORDER SUSTAINING OBJECTION TO MOTION FOR SUMMARY JUDGMENT; TERMINATING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE**<br><br>[Re:  ECF Nos. 30, 32] |

  Defendant has filed a motion for summary judgment, which has been noticed for March 10, 2022.  ECF No. 30.  In response, Plaintiff has filed an objection to the motion as (1) untimely under General Order 56 and (2) premature under Federal Rule of Civil Procedure 56(d).  ECF No. 32 ("Obj.").  Defendant has responded to the objection.  ECF No. 34 ("Resp.").

  First, the Court notes that Plaintiff's objection to the motion was filed one week late. Because Defendant did not suffer any prejudice from the tardy objection—having been given the opportunity to respond to it, ECF No. 33—the Court will consider the objection.

  The Court need not address both of Plaintiff's arguments because it agrees with the first: that the motion is untimely under General Order 56.  Section 3 of General Order 56 states:

> All discovery, motion practice (except for motions under Rule 12(b) and motions to appear pro hac vice), and other proceedings are STAYED unless the assigned judge orders otherwise.  Requests to lift the stay to conduct specific discovery, to file any other motion, to be relieved of any of the requirements of this Order, or to enforce any of the requirements of this Order may be made by stipulation [or administrative motion].

As is made clear by the provision, General Order 56 stays all motion practice, except for motions under Rule 12(b) and motions to appear pro hac vice.  Gen. Ord. 56 § 3.  Requests to "file any other motion" must be granted by the Court, either by approving a stipulation or granting an administrative motion.  *Id.*  Defendant has filed a motion under Rule 56 but has not made a request to the Court to lift the stay on such motions imposed by General Order 56.  Accordingly, his Rule

1  56 motion is untimely.

2  Defendant cites multiple cases in which courts in this district have permitted Rule 12
3  motions to be filed in cases subject to General Order 56. *See* Resp. at 1 (citing four cases,
4  including one before this Court). These cases are inapposite because Defendant has filed a Rule
5  56 motion, not a Rule 12 motion. Additionally, each of the cases cites to an older version of
6  General Order 56 that had different relevant language. The older version of General 56 provided
7  guidelines for initial disclosures and then stated, "All other discovery and proceedings are
8  STAYED unless the assigned judge orders otherwise." Gen. Ord. 56 § 2 (as amended, May 29,
9  2012), *available at* https://bit.ly/3I5vxdv. Courts had interpreted that language to "plainly refer to
10 discovery issues" and not bar motions to dismiss. *See Moralez v. Whole Foods Mkt.*, 897 F. Supp.
11 2d 987, 993 (N.D. Cal. 2012); *see also Johnson v. Otter*, 2019 WL 452040, at *2 (N.D. Cal. Feb.
12 5, 2019) ("General Order 56 does not stay all proceedings in an ADA case, but instead stays only
13 discovery and similar proceedings."). Even assuming that the older version of General Order 56
14 did not bar Rule 56 motions (which usually follow discovery, unlike Rule 12 motions) while the
15 stay was in place, the current General Order 56—as amended January 1, 2020—is more explicit,
16 expressly prohibiting motion practice other than Rule 12 motions and motions to appear pro hac
17 vice. Defendant's cases did not interpret this version of General Order 56 and thus do not apply.

18 For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's objection is
19 SUSTAINED and Defendant's motion for summary judgment is TERMINATED WITHOUT
20 PREJUDICE to being timely refiled under General Order 56. Because the Court has terminated
21 the motion, the March 10, 2022 hearing is VACATED. *See* Civil L.R. 7-1(b).

23 Dated: January 13, 2022

_____
BETH LABSON FREEMAN
United States District Judge